# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Flectere LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Office Depot, Inc.**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flectere LLC ("Flectere"), through its attorney, complains of Office Depot, Inc. ("Office Depot"), and alleges the following:

### PARTIES

1. Plaintiff Flectere LLC is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 5068 West Plano Parkway, Suite 300, Plano, TX 75093.

2. Defendant Office Depot, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 6600 North Military Trail, Boca Raton, FL 33496.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Office Depot because it has engaged in systematic and continuous business activities in the Eastern District of Texas. Specifically, Office Depot provides its full range of services to residents in this District. As described below, Office Depot has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Office Depot has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Office Depot has retail stores in this location, including a store located at 6401 W Plano Pkwy., Suite 120, Plano, TX 75093. In addition, Flectere has suffered harm in this district.

## PATENTS-IN-SUIT

7. Flectere is the assignee of all right, title and interest in United States Patent Nos. 6,272,506 (the "'506 Patent") and 6,401,094 (the "'094 Patent") (collectively, the "Patents-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Flectere possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Office Depot.

**The '506 Patent**

8. On August 7, 2001, the United States Patent and Trademark Office issued the '506 Patent. The '506 Patent is titled "Computerized Verification Form Processing System and Method." The application leading to the '506 Patent was filed on September 12, 1997. A true and

correct copy of the '506 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '506 Patent is valid and enforceable.

10. The inventors recognized that there was a need for improving computerized form processing systems that complied with current manufacturing procedures. Ex. A, 2:46-48.

11. The invention in the '506 Patent provides an improved computerized form processing system and method. Ex. A, 2:15-18.

12. To this end, the inventors recognized the importance of automatically keeping track of changes and complying with government regulations. Ex. A, 4:48-52. ("Thus, system 20, FIG. 2 provides an improved computerized form processing System and method which automatically keeps track of all changes made to data entries in a computerized form and therefore complies with FDA requirements concerning data changes.").

**The '094 Patent**

13. On June 4, 2002, the United States Patent and Trademark Office issued the '094 Patent. The '284 Patent is titled "System and Method for Presenting Information in Accordance with User Preference." The application leading to the '094 Patent was filed on May 27, 1999. A true and correct copy of the '094 Patent is attached hereto as Exhibit B and incorporated herein by reference.

14. The '094 Patent is valid and enforceable.

15. The inventors recognized that there was a need for the dynamic formatting of information to suit each user's personality traits. Ex. B, 2:1-4.

16. To this end, the inventors recognized the importance of delivering information to a user in a format selected by the user. Ex. B, 2:13-17. ("[T]he present invention is directed to a

system and method, usable with the World Wide Web or another communication technology, for delivering information to a user in a format selected by the user.").

## COUNT I: INFRINGEMENT OF THE '506 PATENT

17. Flectere incorporates the above paragraphs herein by reference.

18. **Direct Infringement.** Office Depot has been and continues to directly infringe at least claim 11 of the '506 Patent in this District and elsewhere in the United States by providing a system, for example, Office Depot's payment processing portal, that is a computerized form processing system allowing users to fill in their contact information. *See* Figure 1, available at: https://www.officedepot.com/checkout/anonymousSubmitSet.do.

*Figure 1. Office Depot's payment processing portal allows users to fill in their contact information.*

19. Office Depot's payment processing portal has claim element 1(a): "a database for storing at least one form including one or more fields." For example, Office Depot's payment processing portal internally stores data entered into the form. *See* Figures 1, 2.

5

```
▼<div class="form_field postalCode1 required
zip_lookup_field" aria-required="true">
    ::before
  ▼<label for="postalCode1-2" data-auid=
  "shippingAddress_label_postalCode1-2">
      <em class="star">*</em>
      "Postal Code:"
   </label>
   <input type="text" id="postalCode1-2" name=
   "addrsForm[2].postalCode1" value="70123" class=
   "addrsForm_2_postalCode1" maxlength="10" data-auid=
   "shippingAddress_text_postalCode1-2" tabindex="6">
   ::after
```

*Figure 2. Office Depot's payment processing portal internally stores data entered into the form.*

20.     Office Depot's payment processing portal has claim element 1(b): "a viewer for viewing a stored form." For example, Office Depot's payment processing portal allows users to see the data they enter into the form. *See* Figure 1.

21.     Office Depot's payment processing portal has claim element 1(c): "a data entry device for allowing a user to enter information into the fields of the form." For example, Office Depot's payment processing portal allows users to enter in data, such as street address, into the form. *See* Figure 3.



*Figure 3. Office Depot's payment processing portal allows users to enter in data, such as street address, into the form.*

22. Office Depot's payment processing portal has claim element 1(d): "a monitoring routine configured to actively monitor whether previously entered information in a field of the form is being changed by the user." For example, Office Depot's payment processing portal monitors whether previously entered information is being changed by users. *See* Figure 4.



```
▼<label for="postalCode1-2" data-auid=
"shippingAddress_label_postalCode1-2">
    <em class="star">*</em>
    "Postal Code:"
</label>
<input type="text" id="postalCode1-2" name=
"addrsForm[2].postalCode1" value="70123" class=
"addrsForm_2_postalCode1 error" maxlength="10" data-
auid="shippingAddress_text_postalCode1-2" tabindex="6"
aria-required="true" aria-invalid="true">
<label id="postalCode1-2-error" class="error
error_property" for="postalCode1-2">Postal code is
invalid.</label>
```

*Figure 4. Office Depot's payment processing portal monitors whether previously entered information is being changed by users.*

23. Office Depot's payment processing portal has claim element 1(e): "a field modification verification routine configured to, on the viewer, prompt the user to sign off on any such change." For example, Office Depot's payment processing portal will ask users whether they want to use a suggested shipping address instead of the address they manually entered and is configured to then prompt the user to sign off on a change to the address information. *See* Figure 5.



*Figure 5. Office Depot's payment processing portal will ask users whether they want to use a suggested shipping address instead of the address they manually entered.*

24. **Induced Infringement.** Office Depot has also actively induced, and continues to induce, the infringement of at least claim 11 of the '506 Patent by actively inducing its customers, including merchants and end-users to use Office Depot's website in an infringing manner as described above. Upon information and belief, Office Depot has specifically intended that its customers use its website that infringe at least claim 11 of the '506 Patent by, at a minimum, providing access to support for, training and instructions for, its website to its customers to enable them to infringe at least claim 11 of the '506 Patent, as described above. Even where performance of the steps required to infringe at least claim 11 of the '506 Patent is accomplished by Office Depot and Office Depot's customer jointly, Office Depot's actions have solely caused all of the steps to be performed.

25. Flectere is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

26. Flectere will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

COUNT II: INFRINGEMENT OF THE '094 PATENT

27. Flectere incorporates the above paragraphs herein by reference.

28. Direct Infringement. Office Depot has been and continues to directly infringe at least claim 1 of the '094 Patent in this District and elsewhere in the United States by providing a system, for example, for presenting information to a user on a workstation operated by the user in accordance with a preference specified by the user through the workstation. See Figure 6, available at: http://www.officedepot.com.



*Figure 6. Office Depot's payment processing portal presents information to a user on a workstation operated by the user in accordance with a preference specified by the user through the workstation.*

29. Office Depot's payment processing portal has claim element 1(a): "a database server for storing the information." For example, Office Depot's payment processing portal has a MSQL server to store the information. *See* Figure 7, available at: https://docs.microsoft.com/en-us/previous-versions/msp-n-p/ee658120%28v%3dpandp.10%29.

10



*Figure 7. Office Depot's payment processing portal has a MSQL server to store the information.*

30. Office Depot's payment processing portal has claim element 1(b): "an application server, in communication with the database server and the workstation, for receiving from the workstation a request for the information and an indication of the preference which has been specified by the user through the workstation, retrieving the information from the database server, dynamically formatting the information in accordance with the preference to form custom-formatted information and sending the custom-formatted information to the workstation." For example, a server receives a request for the information and an indication of the preference (e.g. Request desktop site) which has been specified by the user through the workstation. See Figure 8, available at: https://docs.microsoft.com/en-us/previous-versions/msp-n-p/ee658120%28v%3dpandp.10%29.





*Figure 8. Office Depot's payment processing portal has a server receive a request for the information and an indication of the preference (e.g. Request desktop site) which has been specified by the user through the workstation.*

31. The accused instrumentality also retrieves the information from the database server, dynamically formats the information in accordance with the preference to form custom formatted information and sending the custom-formatted information to the workstation. *See* Figure 13, available at: www.officedepot.com.





*Figure 9. Office Depot's payment processing portal dynamically formats the information in accordance with the preference to form custom formatted information and sends the custom-formatted information to the workstation.*

32. **Induced Infringement**. Office Depot has also actively induced, and continues to induce, the infringement of at least claim 1 of the '094 Patent by actively inducing its customers, including merchants and end-users to use Office Depot's website in an infringing manner as described above. Upon information and belief, Office Depot has specifically intended that its customers use its website that infringe at least claim 1 of the '094 Patent by, at a minimum, providing access to support for, training and instructions for, its website to its customers to

14

enable them to infringe at least claim 1 of the '094 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '094 Patent is accomplished by Office Depot and Office Depot's customer jointly, Office Depot's actions have solely caused all of the steps to be performed.

33. Flectere is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

34. Flectere will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

35. Under Rule 38(b) of the Federal Rules of Civil Procedure, Flectere respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Flectere asks this Court to enter judgment against Office Depot, granting the following relief:

A. A declaration that Office Depot has infringed the Patents-in-Suit;

B. An award of damages to compensate Flectere for Office Depot's direct infringement of the Patents-in-Suit;

C. An order that Office Depot and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Office Depot's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and an award to Flectere of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other relief as this Court or jury may deem proper and just.

Dated: May 24, 2018

Respectfully submitted,

/s/ Isaac Rabicoff

Isaac P. Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

Kenneth Matuszewski
(708) 870-5803
kenneth@rabilaw.com

**Counsel for Plaintiff**